The Chief Justice
delivered the opinion of the court.
The main question in this case depends upon the effect of the-following instrument of writing, execut ed by Hardin to Blair and Pendleton, viz: — UI have sold and will con“vey to Francis P, Blair and John F. Pendleton, lot No. 42, *232 “in Frankfort, and part of lot No. 37, being about 35 feet “front, adjoining the same — the former adjoining N. La-ron’s iot, the right of dower of Mrs. Hardin to be relinquished in the same — for the sum of $3,500, which Sum “is to be refunded in case of the loss of said ground by any “adverse claim.
A covenant r^stra'iiing wlm tibe law woulil otherwise imply,is operative, & ■will restrain the legal implication.
“M. HARDIN.
“5A December, 1815.”
Hardin contends, that according to the true construction of this instrument, he was bound to make a deed with a covenant only to refund the principal, $3.500, without interest, &c. and executed and tendered a deed accordingly’. This Biair and Pendleton refused to accept, insisting upon their right to demand a deed with general warranty, or which would be equivalent thereto — a deed with a covenant to refund (in case of eviction) principal, interest and the costs of eviction. In support of the construction which they give to the instrument, it is contended, on their part, that independent of the last clause, the law would imply an obligation, on the part of Hardin, to make such a deed as they demanded; and that as the last clause is in the affirmative, and binds Hardin to do a part only of that which the law implies an obligation to do, it cannot operate so as to limit or restrain the more general obligation which the law thus implies; or, in other words, that the last clause being but the expression of that which the law would otherwise imply, can have no operation, according to the maxim, ex-pressio eorim qua tacite insunt nihil operatur.
Of the soundness of this maxim wre have no doubt; but we have no hesitation in saying, that it is inapplicable to the present case. Had the clause to refund been co-extensive with the obligation, which the law would otherwise have implied, there would have been some propriety in the application of the maxim, but the clause to refund being an express covenant and more limited in its nature than the obligation which the law would otherwise have implied, must have the effect of restraining the latter. That a limited covenant, in fact, may thus restrain a general covenant in law, was decided in Noke’s case, 4th Coke’s Reports, 80; and the same doctrine has been frequently recognised since, and is now considered an established point of law. 1 Saur.d. 60, Note (I.)
We have no doubt, therefore, that the circuit court decided correctly, that the deed executed and tendered by *233 Hardin, was a sufficient compliance with bis contract; and that the injunction which had been obtained to stay proceedings upon the judgment at law for a part of the price of the lots, was properly dissolved, with ten per cent damages. The position contended for in the argument, that the damages ought not to have been given, because the money had been paid into the hands of the sheriff, certainly cannot be sustained. For the law requires, in that case, the sheriff to return the money to the defendants in the execution, as soon as the injunction is granted; and the act giving ten per cent damages, applies, therefore, in spirit as well as letter, to a caáe of that kind.
Bibb for appellants, Hardin and B. Hardin for appellee,
The decree must be affirmed with costs and damages upon the damages